IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-397-D

| | |
|---|---|
| WEN CHIANN YEH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NORTH CAROLINA STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

On January 8, 2019, the court denied Wen Chiann Yeh's ("Yeh" or "plaintiff") motion for entry of default, motion for service of pleadings by paper rather than electronically, and motion for reconsideration, and granted defendants' motion to dismiss without prejudice Yeh's first amended complaint [D.E. 37]. The court explicitly informed Yeh that, if she wished to continue with this action, she must file a second amended complaint and ensure that North Carolina State University ("NC State" or "defendant") is served properly under the Federal Rules of Civil Procedure. See id. at 2.

On January 28, 2019, Yeh, proceeding pro se, filed a second amended complaint against NC State, alleging claims for discriminatory discharge, disparate treatment, retaliation, and "hostile workplace harassment" [D.E. 38]. On February 20, 2019, NC State moved to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, improper service of process, and failure to state a claim [D.E. 43] and filed a memorandum in support [D.E. 44]. The court notified Yeh about the motion, the consequences of failure to respond, and the response deadline [D.E. 45]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On April 29, 2019, Yeh responded in opposition [D.E. 54]. NC State did not reply. As explained below, the court grants NC

State's motion to dismiss for lack of personal jurisdiction and dismisses Yeh's second amended complaint without prejudice.

I.

Yeh is an Asian-American woman who worked at NC State's Center for Urban Affairs and Community Services ("CUACS") from November 6, 2017, until November 21, 2017. See 2d Am. Compl. [D.E. 38] 8–9. When Yeh applied for the position at CUACS, Yeh did not include her prior, two-month employment with the North Carolina Department of Public Instruction ("DPI") on her resume, because Yeh believed that DPI would give her "a very bad reference." Id. at 8. Yeh alleges that she consulted two lawyers concerning whether she could lawfully omit her employment with DPI, and both lawyers advised her that she could do so. See id. at 8–9, 16. NC State's Human Resources department conducted a background check before NC State hired Yeh. See id. at 9.

On November 6, 2017, Yeh began work at CUACS. See id. Yeh alleges that, on her first day, she had a conversation with a colleague, Tilson Rice ("Rice"), concerning his pay at CUACS that left her feeling "threatened and harassed." Id. Yeh alleges that Rice and other colleagues refused to share work assignments with her to oust her from her job at CUACS. See id. at 9–10. Yeh also began to experience personality conflicts with Kevin Stover ("Stover"), the individual in charge of databases on which Yeh worked. See id. at 11. Specifically, Yeh's supervisor, Randy Craven ("Craven"), asked Yeh to analyze potential database issues, but when Yeh showed her notes to Stover to get his feedback, she alleges that Stover became "very angry." Id. Yeh deleted her notes because she was a "newcomer" and did not "want to make enemies" at work. Id. Yeh alleges that Stover, who she thinks hates her, retaliated against her after she showed him her notes. See id. In addition, when Yeh asked Chad Simon ("Simon"), the network administrator, to set up her computer, Simon yelled at her and told her to come back later because he was busy. See id. at 10–11. These

2

conflicts led Yeh to believe that various individuals, including Stover, Simon, and Rice, sought "to get rid of [Yeh] because [she is an] Asian woman." Id. at 12, 16–17.

During the weekend of November 18 and 19, 2017, NC State teachers "were unable to log into the official test site" and blamed Craven and Yevonne Brannon ("Brannon"), the CUACS Director. Id. at 5, 12. Yeh alleges that Craven and Brannon—neither of whom are IT professionals—blamed Yeh for the problem, without any evidence that Yeh caused the issue, because Yeh was a new employee and an Asian woman. See id. at 12–13. Further, Yeh alleges that Craven and Brannon refused to blame white employees. See id. at 13. According to Yeh, Kenneth Barbour ("Barbour"), a white male, ultimately took responsibility for causing the network error. See id. at 15. Yeh alleges that she did not learn of the error until November 20, 2017, and that she did not "even . . . know where the official test site is." Id. at 12.

On November 21, 2017, Dan O'Brien ("O'Brien") and Brannon informed Yeh that they had decided to terminate her employment at NC State because Yeh had omitted her former employment at DPI on her resume and state application, which Yeh alleges they called "false leadership and false statements." Id. at 13–14. Yeh alleges that O'Brien and Brannon erroneously believed that Yeh had worked there for two years, rather than two months. See id. at 14. Yeh also asserted that O'Brien and Brannon had themselves put misleading information on their resumes and public social media profiles, such as LinkedIn accounts. See id. Yeh argues that they did not fire Barbour (a white male), despite his admission that his coding errors caused the network issue. See id. at 15. Yeh also asserts that various NC State employees omitted past employment from and falsified entries in their resumes, applications, and online social media profiles but remained employed at NC State because they are white. See id. at 16–17. Yeh alleges that these omissions and falsifications have misled "millions of employers" and that NC State has engaged in discrimination on the basis of race and

3

national origin against her by discharging her from her position at NC State. See id. at 9, 16–17. On May 17, 2018, Yeh filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging that her discharge of November 21, 2017, constituted discrimination on the basis of race and national origin. See id. at 17; Ex. A [D.E. 44-1].

II.

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). Yeh, as the plaintiff, bears the burden of proving proper service. See Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 773 (E.D.N.C. 2011); O'Meara v. Waters, 464 F. Supp. 2d 474, 476 (D. Md. 2006). Rule 4 of the Federal Rules of Civil Procedure details the means of properly effecting service of a summons and complaint. Under Rule 4, a non-party must serve the summons. See Fed. R. Civ. P. 4(c)(2). The plaintiff may not serve the defendant. See id.; Constien v. United States, 628 F.3d 1207, 1213–14 (10th Cir. 2010); Dougherty v. Snyder, No. 1:CV-10-1071, 2010 WL 3168323, at *1 (M.D. Pa. July 29, 2010) (unpublished); Price v. Hous. Auth. of New Orleans, No. 09-4257, 2010 WL 2836103, at *1 (E.D. La. July 16, 2010) (unpublished). This principle in Rule 4(c)(2) applies "[e]ven when service is effected by use of the mail[.] [O]nly a nonparty can place the summons and complaint in the mail . . . . [T]he rule contains no mailing exception to the nonparty requirement for service." Constien, 628 F.3d at 1213–14; see Kelley v. Enviva, LP, No. 7:13-CV-197-BO, 2014 WL 1323186, at *1 (E.D.N.C. Apr. 1, 2014) (unpublished); Pitts v. O'Geary, No. 5:13-CV-116-D, 2014 WL 229350, at *4 (E.D.N.C. Jan. 21, 2014) (unpublished); Reale v. Wake Cty. Human Servs., No. 5:11-CV-682-D, 2013 WL 2635181, at *2 (E.D.N.C. June 12, 2013) (unpublished); Knotts v. Univ. of N.C. at Charlotte, No. 3:08-CV-478, 2011 WL 650493, at *8–9 (W.D.N.C. Feb. 10, 2011) (unpublished).

4

Yeh personally mailed the summons and a copy of the complaint to NC State, which is the sole defendant named in Yeh's second amended complaint, by certified mail. See [D.E. 40]. Yeh did not serve NC State through a nonparty. Thus, NC State has not been properly served. Even pro se plaintiffs must comply with the Federal Rules of Civil Procedure. See, e.g., Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149–52 (1984) (per curiam); Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013–14 (5th Cir. 1990) (per curiam). Although the court recognizes that it enjoys some discretion in enforcing Rule 4 when there is actual notice to the defendant, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

Rule 4(m) permits the court to extend the 120-day time for service when a plaintiff shows good cause for the failure to serve a defendant. See, e.g., Hansan v. Fairfax Cty. Sch. Bd., 405 F. App'x 793, 793–94 (4th Cir. 2010) (per curiam) (unpublished); Giacomo-Tano v. Levine, 199 F.3d 1327, at *1–2 (4th Cir. 1999) (per curiam) (unpublished table decision); Scruggs v. Spartanburg Reg'l Med. Ctr., 198 F.3d 237, at *1–3 (4th Cir. 1999) (per curiam) (unpublished table decision); Mendez v. Elliot, 45 F.3d 75, 78–79 (4th Cir. 1995). Additionally, the court has discretion to extend the 120-day period if a plaintiff can show excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B); Henderson v. United States, 517 U.S. 654, 662–63 (1996). Yeh has not shown good cause or excusable neglect, and her pro se status alone is insufficient. See Hansan, 405 F. App'x at 794; Deo v. N.C. Dep't of Envtl. & Nat. Res., No. 5:13-CV-323-D, 2014 WL 3738448, at *2 (E.D.N.C. July 29, 2014) (unpublished); Pitts, 2014 WL 229350, at *4–5; cf. McNeil v. United States, 508 U.S. 106, 113 (1993). Moreover, the court's order of January 8, 2019, explicitly warned Yeh to ensure that she properly served NC State in accordance with the Federal Rules of Civil Procedure. See [D.E.

5

37] 2. Thus, the court declines to extend the 120-day time for service of process. Accordingly, the court grants NC State's motion to dismiss for failure of service of process and lack of personal jurisdiction.[1]

### III.

In sum, the court GRANTS NC State's motion to dismiss [D.E. 43] and DISMISSES without prejudice Yeh's second amended complaint [D.E. 38]. The court DENIES as moot Yeh's motion to compel [D.E. 52].

SO ORDERED. This ≤ day of June 2019.

JAMES C. DEVER III
United States District Judge

---

[1] The court does not address NC State's arguments under Rules 12(b)(1) and 12(b)(6).